139 F.3d 903
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cable Car ADVERTISERS, d/b/a Cable Car Charters Petitioner,
v.
National Labor Relations Board Respondent.
 No. 97-70069, 97-70253.
D.C. Nos. 20-CA-25377, 20-CA-25789.
 United States Court of Appeals, Ninth Circuit.
 Submitted** Feb. 13, 1998.
Decided Feb. 20, 1998.
 
 Appeal from the National Labor Relations Board.
 Before D.W. NELSON, REINHARDT, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cable Car Advertisers petitions for review of an NLRB decision finding that it engaged in unfair labor practices in violation of §§ 8(a)(1), (3), and (5) of the National Labor Relations Act and ordering it to cease and desist from such practices. The Board filed a cross-application for enforcement of its order. We dismiss the petition for review and enforce the Board's order.
 
 
 3
 With regard to § 8(a)(1), the Board found that the Petitioner coercively interrogated employees, threatened them with reprisals, and made promises of benefits to influence an upcoming union election. It also determined that Cable Car Advertisers retaliated against union-supporting employees by discharging them or decreasing their work hours in violation of § 8(a)(3). Finally, the Board found that the Petitioner unilaterally changed its work scheduling policy, thereby contravening the requirement under § 8(a)(5) that it negotiate with the union concerning the terms and conditions of employment.
 
 
 4
 We will uphold the NLRB's decision if its findings of fact are supported by substantial evidence and it correctly applied the law. Gardner Mechanical Servs., Inc. v. NLRB, 115 F.3d 636, 640 (9th Cir.1997). We will not substitute a different interpretation and "displace the NLRB's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Walnut Creek Honda Assocs. 2, Inc. v. NLRB, 89 F.3d 645, 648 (9th Cir.1996).
 
 
 5
 Cable Car Advertisers contends that the Board's findings are not supported by substantial evidence and that it did not commit any unfair labor practices in violation of the Act. We do not agree. After conducting a full review of the record, we conclude that the Board's findings that the Petitioner violated §§ 8(a)(1), (3), and (5) are amply supported by the record.
 
 
 6
 Accordingly, we dismiss the petition for review and grant the Board's cross-application for enforcement of its order.
 
 DISMISSED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3